ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 FEB 16 PM 12:10

DEPUTY CLERK ___NT___

IN THE UNITED STATES DISTRICT COURT DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| TSUKUDA-AMERICA INC. AND JOHN W. PETROS: Counter Claimants </br></br>VS </br></br>UNITED STATE SECURITIES AND EXCHANGE COMMISSION, ROBERT LONG, R. JOANN HARRIS, ROBERT C. HANNAN, DAVID (SEC AUDITOR), FRANK ROBERSON, JAMES K. MCKILLOP, TIMBER CREEK CORPORATION, WWW.TCC5.COM, JAMES M. CASSIDY, CASSIDY & ASSOCIATES, MIKE SILVA, MIKE MIHELIC, COREY FISCHER, BRUCE WEINBERG, ELLIOT A. WEINBERG, JAMES TOKRYMAN AND WEIBERG & COMPANY: Counterclaim Defendants | Civil Action No. 3:10-cv-00136-M </br></br>DEFENDANTS COUNTERCLAIM |

DEFENDANTS COUNTER CLAIM

Pursuant to Federal Rules of Civil Procedure 13, Counter Claimants Tsukuda-America Inc. and John W. Petros submits the following counterclaim against UNITED STATE SECURITIES AND EXCHANGE COMMISSION, ROBERT LONG, R. JOANN HARRIS, ROBERT C. HANNAN, DAVID (SEC AUDITOR), FRANK ROBERSON, JAMES K. MCKILLOP, TIMBER CREEK CORPORATION, WWW.TCC5.COM, JAMES M. CASSIDY, CASSIDY & ASSOCIATES, MIKE SILVA, MIKE MIHELIC, COREY FISCHER, BRUCE WEINBERG, ELLIOT WEINBERG, JAMES TOKRYMAN AND WEIBERG & COMPANY (Counterclaim Defendants) in this action.

Jurisdiction and Venue

1. This is a counterclaim seeking actual damages and punitive damages against Counterclaim Defendants.

2. This Court has jurisdiction to redress Counter Claimants for such damages under its inherent authority.

3. Counter Claimants asserts a counterclaim against Counterclaim Defendants for abuse of the authority granted Counterclaim Defendants under the Securities Act of 1933 and the Securities Exchange Act of 1934 and asserts a counterclaim against each of the Counterclaim Defendants individually and as a group, for acting individually or in concert and causing irreparable damage to Counter Claimant's business and reputation.

PARTIES

4. Counter Claimants Tsukuda-America Inc. and John W. Petros reside in Rockwall and Richardson, Texas.

5. Counterclaim Defendants United States Securities and Exchange Commission, James M. Cassidy, and Cassidy & Associates (Washington D.C.), Robert Long, R. Joann Harris, Robert C. Hannan, David (SEC Auditor) (Fort Worth, Texas), Frank Roberson, James K. McKillop, Corey Fischer, Timber Creek Corporation, www.tcc5.com (Los Angeles, California), Mike Silva, Mike Mihelic (Indianapolis, Indiana) and Bruce Weinberg, Elliot A. Weinberg, James Tokryman, Weinberg & Company (Boca Raton, Florida).

COUNTER CLAIM

COUNT 1: Counterclaim Defendants filed a false and misleading Federal Court action (Civil Action No. 3:10-cv-00136-M) that is spiteful, revengeful and Counterclaim Defendants acted with malice thereby causing irreparable damage to Counter Claimant's business and reputation.

COUNT 2: Counterclaim Defendants knew or should have known the Federal Court action (Civil Action No. 3:10-cv-00136-M) was false and misleading and that it would cause irreparable damage to Counter Claimant's business and reputation.

COUNT 3: Counterclaim Defendants, working individually or in unison conspired to deprive Counter Claimants of its business and property.

COUNT 4: Counterclaim Defendants, working individually or in unison conspired to damage Counter Claimant's business and reputation.

COUNT 5: Counterclaim Defendant United States Securities and Exchange Commission (Commission) knew or should known Counterclaim Defendants were operating outside the scope of authority granted the Commission under the Securities Acts thereby assisted in damaging Counter Claimant's business and reputation.

FACTS OF THE COUNTERCLAIM

6. On knowledge and information available Counter Claimants believe that Counterclaim Defendants James M. Cassidy, and Cassidy & Associates, Frank Roberson, James K. McKillop, Corey Fischer, Timber Creek Corporation, www.tcc5.com, Mike Silva, Mike Mihelic and Weinberg & Company operate in unison and individually under the control of James M. Cassidy (Cassidy Cartel).

7. Counterclaim Defendants United States Securities and Exchange Commission (Commission), and Robert Long, R. Joann Harris, David (SEC Auditor) each individually knew or should have known the Cassidy & Associates and Weinberg & Company have been linked to filing false and misleading registration statement with the Commission. (See Administrative Proceeding File No. 3-10502) and (See Administrative Proceeding File No. 3-10385).

8. The list of companies connected to the Cassidy & Associates and Weinberg & Company (Cassidy Cartel) is almost endless including

    Alpine Entertainment Inc., Aspac Communications Inc., Beverly Hills Ltd, Inc., Cbcom, Inc., China Direct Industries, Inc., Emerging Markets Corp, Global Food Technologies, Inc., ICC Worldwide, Inc., International Surfacing, Inc., M Line Holdings, Inc., Nextpath Technologies, Inc., Petrocal Inc., Prime Star Group, Inc., Solvis Group, Inc., Synergie Holding Limited, Inc., and Vestin Group, Inc.

and Cassidy with Weinberg & Company operate in conjunction with Timber Creek Corporation and Timber Creek's internet web site www.tcc5.com operated by Frank Roberson and James K. McKillop for Cassidy & Associates (Cassidy Cartel) have been intertwined for many years with the following

> Cabinet Acquisition Corp, Canister Acquisition Corp, Console Acquisition Corp, Greenmark Acquisition Corp, Hightower Acquisition Corp and Spinnet Acquisition Corp.

INTRODUCTION

9. On or about January 20, 2009 Counter Claimants were contacted by Frank Roberson (Roberson) of the Timber Creek Corporation (Timber Creek) (www.tcc5.com) in Beverly Hills, California that received our contact information from an associate that informed Timber Creek that Counter Claimants were seeking a broker to assist Counter Claimants in raising capital for mining properties.

10. Roberson informed Counter Claimants that "The person that can help you (Counter Claimants) best is our senior consultant, Mr. Jim McKillop (McKillop) and his private cell number is (310) 849-6540". After speaking with McKillop shortly it was decided that McKillop would have Timber Creek's attorney Mr. James M. Cassidy of Cassidy & Associates (Cassidy) contact Counter Claimants in a few days.

11. On or about January 28, 2009 Counter Claimants received a response from Cassidy and received information concerning the procedure and timeline to completion. Counter

Counter Claim - 5 of 9

Claimants were informed that Cassidy would have an associate in the northeast contact Counter Claimants in a few days.

12. Counter Claimants was contacted by Cassidy's associate Mike Silva (Silva) on or about February 1, 2009 and was instructed to form a new corporation in Indiana and use Cassidy's offices Indianapolis, Indiana for the registered agent.

Additionally Counter Claimants was to file for and receive the log-on and password for filing document with the Commission online and pass that information to Silva. Cassidy would maintain the company records and issue shares of stock, complete and file the registration statement online and well as have the financial information, consents and supporting documents completed. Counter Claimants was informed and therefore believe that the Cassidy Cartel had the know-how to complete this process properly.

13. The registration statement became effective on or about April 4, 2009 and Counter Claimants believed the process was completed properly as the Commission approved the filing without review.

14. Shortly thereafter Counter Claimants became aware of a pump and dump scheme proposed by the Cassidy Cartel with a Canadian company (International Strategic Investments) known to Counter Claimants to use false and misleading information and have been known to use two separate stock transfer agencies for one company. When Counter Claimants objected Counter Claimants were removed from the company and replace by the Cassidy Cartel directors and officers.

15. After removing and replacing Counter Claimants, the Cassidy Cartel through its Directors and Officers Roberson, McKillop, Cassidy, Silva and Mihelic in Cassidy's offices in Indianapolis, Indiana, took control of Counter Claimant's Company and filed the registration statement that the Commission is now questioning.

16. Instead of contacting Counter Claimants about the questionable registration statement the Commission decided that the Counter Claimants were automatically guilty and focused on Counter Claimants with the full weight of the Commission's guns using ambush telephone calls to attempt entrap, subpoenas to intimidate, barrage of documents to terrorize, annoyed business contacts, family and neighbors. These actions were committed by Robert Long, R. Joann Harris, Robert C. Hannan, David (SEC Auditor) as agents for the Commission and individually, outside the scope of authority granted them in the Securities Act. (Note: Upon request neither Robert Long nor Robert C. Hannan would give Defendants the last name of David (SEC Auditor) a party to this counterclaim.)

17. The Commission knew or should have known and individually Robert Long, R. Joann Harris, Robert C. Hannan, David (SEC Auditor) each knew or should have known that the Cassidy Cartel have been linked to filing false and misleading registration statement with the Commission. (See Administrative Proceeding File No. 3-10502) and (See Administrative Proceeding File No. 3-10385).

FACTS DISCOVERED IN COMMISSIONS FILES AND BY GOOGLE SEARCH

18. Counter Claimants found this information in a brief search of the Commissions files and records listed online and by Google search online on February 7, 2010. This information was available and located within a few hours by Counter Claimants.

> To wit:
>
> James M. Cassidy "... repeatedly made false and misleading disclosures in documents filed with the Commission."
> (See Administrative Proceeding File No. 3-10502)
> James K. McKillop "... solicited purchasers of shell companies though an internet website" www.tcc5.com and "After screening potential purchaser referred them to a securities lawyer" James M. Cassidy. (See Administrative Proceeding File No. 3-10385)

19. Counterclaim Defendants perpetrated the same scheme on Counter Claimant right under the watchful eye of the Commission and with the assistance of Cassidy Cartel.

20. Counter Claimants have been systemically, intentionally interfered and damaged by the Commission's failure to protect Counter Claimants from the Cassidy Cartel and investigate properly facts that are blindingly clear in the questionable registration statement giving the exact pattern has been perpetrated previously. Counter Claimants have suffered monetary loss, loss of business, damage to reputation and suffered public ridicule by the action of Counterclaim Defendants and by the Commission that acted spiteful, revengeful and with malice.

RELIEF REQUESTED

THEREFORE, Counter Claimants respectfully requests that this Court:

I. Permanently enjoin the Commission filing false allegations against Counter Claimants.

II. Direct the Commission to pay money damages in an amount of ten ($10) million to Counter Claimants.

III. Direct each Counterclaim Defendants individually and each member of the Cassidy Cartel to pay money damages in the amount of one ($1) million to Counter Claimants.

IV. Direct the Commission to pay triple money damages for acting with malice and Counter Claimants pray this amount is set as large as possible to prevent further spiteful, revengeful actions by the Commission.

V. Direct the Counterclaim Defendants to pay triple money damages to Counter Claimant for repeating the internet scheme for a second in violation of the Commission's order.

VI. Order such further relief as this Court may deem just and proper.

Dated: February 16, 2010.

Respectfully submitted,

_____

Tsukuda-America Inc. and John Petros

Counter Claimants

214 500 1953