**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Securities and Exchange Commission | Civil Action No. 3:10-cv-00136-M |
| Plaintiff, | Motion for Summary Judgment |
| vs. | and Statement in Support |
| Tsukuda-America Inc. and John W. Petros | of Summary Judgment |
| Defendants | |

Defendants, Tsukuda-America Inc. and John W. Petros now come, bringing this Motion for Summary Judgment based on the pleading.

The Plaintiff's pleadings are based solely on allegations of fraud (Plaintiff's opening statement "This is an offering fraud case").

Fact is Plaintiff cannot absolutely know Defendants motive;

Fact is Plaintiff cannot absolutely prove Defendants had opportunity;

Fact is Plaintiff cannot absolutely show Defendants did repetitive acts;

Fact is Plaintiff cannot absolutely rely on witness statements;

Fact is Plaintiff cannot absolutely identify any concealment by Defendants;

Motion for Summary Judgment - 1 of 4

1 | Fact is Plaintiff cannot absolutely produce victim reliance;

3 | Fact is Plaintiff cannot absolutely conjure up any fraudulent damages.

5 | Plaintiff's allegations are purely speculative and surmised. The Plaintiff's allegations of false
6 | and misleading statements can be countered by Defendants answer to the allegations that
7 | the registration statements are true and correct.

9 | Plaintiff's position is the registration statements are false and misleading (Black/Bad),
10 | Defendants position is the statements are true and correct (White/Good), the Public position
11 | is they would rather decide for themselves (Gray/We will decide what is best for us).

13 | Fact

15 | 1. The Fact is Defendants did not prepare and file the registration statement.

17 | 2. The Commission prepared and filed this case with false information, misleading facts and
18 | assumptions of fraud. The Commission knew or should have known that this court action
19 | could not be proven in court.

21 | 3. The Commissions acted spiteful, revengeful and with malice and caused irreparable
22 | damage to Defendants.

24 | It is not for the Plaintiff to decide what is or is not allowed in a registration statement that is
25 | laid out in the rules and regulations of the Securities Act.

1
2  Misuse of Section 17(a) by Plaintiff is the tool Plaintiff constantly uses to threaten, harass
3  and intimidate even when the allegations are untrue as in this case. Plaintiff is only
4  presuming in this case.
5  This misuse of the fraud allegation tool only works if the Defendants committed fraud or
6  intended to commit fraud. In this case Defendants did not intend or commit fraud.
7
8  The Commission has unlimited resources at the Commission's disposal and makes no secret
9  that it will spend any amount of money and the resources available just to keep from being
10 proven wrong.
11
12 Defendants did not intend to commit fraud and did not use any tools or statements that
13 would lead to fraud. With no intent to defraud by Defendants, Defendants pray this Court
14 grant Defendants Motion for Summary Judgment.
15
16
17
18
19
20
21
22
23
24
25

Motion for Summary Judgment - 3 of 4

**RELIEF REQUESTED**

**THEREFORE**, Plaintiff respectfully requests that this Court:

**I.** For Summary Judgment in favor of Defendants.

**II.** An order instructing the Commission to pay money damages in an amount of $1 million dollars to Defendants.

**III.** An order instructing the Commission to pay triple damages for acting with malice and this amount should be set as large as possible to prevent further spiteful, revengeful actions by the Commission.

**IV.** Order such further relief as this Court may deem just and proper.

Dated: February 16, 2010.

Respectfully submitted,

*[signature]*

Tsukuda America Inc. and

John W. Petros Pro Se

214 500 1953

**STATEMENT OF FACTS SUPPORTING SUMMARY JUDGMENT**

**Civil Action No. 3:10-cv-00136-M**

**INTRODUCTION**

The Plaintiff's pleadings are based solely on allegations of fraud (Plaintiff's opening statement "This is an offering fraud case"). Fact is Plaintiff cannot absolutely know the state of mind or the intent of Defendants. Plaintiff's allegations are purely speculative and surmised.

This action clearly stems from the Commission failing to properly investigate the questionable registration statement of Defendants. Had the commission properly investigated the Commission would have found that Cassidy & Associates in Washington, DC and Weinberg & Company in Boca Raton, Florida have been secretly entangled for many years with the following

> Alpine Entertainment Inc., Aspac Communications Inc., Beverly Hills Ltd, Inc., Cbcom, Inc., China Direct Industries, Inc., Emerging Markets Corp, Global Food Technologies, Inc., ICC Worldwide, Inc., International Surfacing, Inc., M Line Holdings, Inc., Nextpath Technologies, Inc., Petrocal Inc., Prime Star Group, Inc., Solvis Group, Inc., Synergie Holding Limited, Inc., and Vestin Group, Inc.

And operate in conjunction with Timber Creek Corporation and Timber Creeks internet web site www.tcc5.com operated by Frank Roberson and James K. McKillop for Cassidy & Associates (Cassidy Cartel) intertwined for many years with the following

> Cabinet Acquisition Corp, Canister Acquisition Corp, Console Acquisition Corp, Greenmark Acquisition Corp, Hightower Acquisition Corp and Spinnet Acquisition Corp.

The Cassidy Cartel has a history of making "false or misleading disclosures in documents filed with the Commission" (See Administrative Proceeding File No. 3-10502) and "solicited purchasers of shell companies through an internet website" (See Administrative Proceeding File No. 3-10385). The Cassidy Cartel was ordered to "cease and desist from committing or causing any violation or future violation of Section 15(a) or Section 10(b) of the Securities Act and Rule 10b-5.

On or about January 20, 2009 Defendants were contacted by Frank Roberson (Roberson) of the Timber Creek Corporation (Timber Creek) in Beverly Hills, California that received our contact information from an associate that informed Timber Creek that Defendants were seeking a broker to assist Defendants in raising capital for our mining properties.

Roberson informed Defendants that "The person that can help you (Defendants) best is our senior consultant, Mr. Jim McKillop (McKillop) and his private cell number is (310) 849-6540". After speaking with McKillop shortly it was decided that McKillop would have Timber Creek's attorney Mr. James M. Cassidy of Cassidy & Associates (Cassidy) contact Defendants in a few days.

On or about January 28, 2009 Defendants received a response from Cassidy and received information concerning the procedure and timeline to completion. Defendants were informed that Cassidy would have an associate in the northeast contact Defendants in a few days.

Defendants were contacted by Cassidy's associate Mike Silva (Silva) on or February 1, 2009 and was instructed to form a new corporation in Indiana and use Cassidy's offices Indianapolis, Indiana for the registered agent.

Additionally Defendants were to file for and receive the log-on and password for filing document with the Commission online and pass that information to Silva. Cassidy would maintain the company records and issue shares of stock, complete and file the registration statement online and well as have the financial information, consents and supporting documents. Defendants were informed and therefore believe that the Cassidy Cartel had know-how to complete this process properly.

The questionable registration statement became effective on or about April 4, 2009 and Defendants believed the process was completed properly as the Commission approved the filing without review. Shortly thereafter Counter Claimants became aware of a pump and dump scheme proposed by the Cassidy Cartel with a Canadian company (International Strategic Investments) known to Counter Claimants to use false and misleading information and have been known to use two separate stock transfer agencies for one company. When Counter Claimants objected Counter Claimants were removed from the company and replace by the Cassidy Cartel directors and officers.

After removing and replacing Counter Claimants, the Cassidy Cartel through its Directors and Officers Roberson, McKillop, Cassidy, Silva and Mihelic in Cassidy's offices in Indianapolis, Indiana, took control of Counter Claimant's Company and filed the registration statement that the Commission is now questioning. Instead of contacting Counter Claimants about the questionable registration statement the Commission decided that the Counter Claimants were automatically guilty and focused on Counter Claimants with the full weight of the Commission's guns using ambush telephone calls to attempt entrap, subpoenas to intimidate, barrage of documents to terrorize, annoyed business contacts, family and neighbors. These actions were committed by Robert Long, R. Joann Harris, Robert C. Hannan, David (SEC Auditor) as agents for the Commission and individually, outside the scope of authority granted them in the Securities Act. (Note: Upon request neither Robert Long nor Robert C. Hannan would give Defendants the last name of David (SEC Auditor) a party to this counterclaim.)

The Commission knew or should have known and individually Robert Long, R. Joann Harris, Robert C. Hannan, David (SEC Auditor) each knew or should have known that the Cassidy Cartel have been linked to filing false and misleading registration statement with the Commission. (See Administrative Proceeding File No. 3-10502) and (See Administrative Proceeding File No. 3-10385).

**FACTS**

The fact is the Defendants did not:

1. File a fraudulent registration statement; or

2. File a bogus audit report; or

3. File a fictitious legal opinion and geologist report; or

4. File a false statement regarding stock transfer agent; or

5. File a fictitious financial statement; or

6. File additional fraudulent registration statements for Pioneer Capital, Phoenix, Euro Capital or Lone Mountain; or

7. Refuse to comply with investigatory subpoenas; or

8. Commit fraud in the offering of securities; or

9. Commit violations of Section 17(a) of the Securities Act.

This statement is giving in support of summary judgment for civil action case no. 3:10-cv-00136-m by defendants do hear by declare that statements herein contained are true and correct from person details and Defendants are competent to testify as to the matter.

Dated: February 16, 2010

Tsukuda America Inc. and

*[signature]*

John W. Petros