IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-136-M |
| TSUKUDA-AMERICA, INC. and JOHN W. PETROS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motion for Summary Judgment [Docket Entry #8] and Plaintiff's Motion to Strike Defendants' Counterclaim and Defendants' Motion for Summary Judgment [Docket Entry #10]. For the reasons explained below, the Motion to Strike is GRANTED in part and Defendants' Motion for Summary Judgment is DENIED.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On January 26, 2010, the Securities and Exchange Commission (the "SEC") filed a complaint alleging that Defendants violated the federal securities laws by filing with the SEC false registration and offering statements. On February 16, 2010, Defendant John Petros[1] filed an Answer and Counterclaim against the SEC for "spiteful" and "revengeful" abuse of its power in filing this suit, Crossclaims against certain SEC employees for harassment during the SEC's investigation, and Crossclaims against various third parties, which appear to be based on the

---

[1] Petros, as a non-attorney, lacks standing to represent Defendant Tsukuda-America, Inc. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Calif. Men's Colony*, 506 U.S. 184, 202 (1993)) ("Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (holding that "the clear rule is that a corporation as a fictional legal person can only be represented by licensed counsel." (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)) (internal quotation marks omitted)).

1

grounds that these third parties are the actual parties who filed the statements in question. At the same time, Petros filed a Motion for Summary Judgment on the SEC's claims and on his own Counterclaim against the SEC. The SEC now moves to strike the Counterclaim, Crossclaims and Motion for Summary Judgment.

## II. ANALYSIS

A. Motion to Strike Petros's Counterclaim and Crossclaims

Section 21(g) of the Securities Exchange Act of 1934 bars counterclaims or crossclaims in an SEC enforcement proceeding when the SEC does not consent to be sued:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.[2]

Section 21(g) functions as an absolute bar against counterclaims and crossclaims in SEC enforcement proceedings.[3] The SEC's Motion to Strike Petros's Counterclaim and Crossclaims is therefore GRANTED.

B. Motion to Strike Petros's Motion for Summary Judgment

To the extent that Petros's Motion for Summary Judgment is based on his own Counterclaim, the SEC's Motion to Strike is GRANTED for the same reason the Court strikes

---

[2] 15 U.S.C. § 78u(g) (2006).
[3] *See, e.g., Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332 n.17 (1979) (stating in dicta that "consolidation of a private action with one brought by the SEC without its consent is prohibited by statute" (citing 15 U.S.C. § 78u(g)); *SEC v. Heartland Group, Inc.*, No. 01-1984, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (observing that while Section 21(g) "may not explicitly refer to intervention, cross-claims, counter-claims or third-party complaints by name, many courts have concluded such procedural devices to be barred because § 21(g) acts as an impenetrable wall" (internal quotation marks and citations omitted)); *SEC v. Better Life Club of Am., Inc.*, 995 F. Supp. 167, 180 (D.D.C. 1998) (holding that Section 21(g) "bars, among other things, a defendant's counterclaims" (citations omitted)); *SEC v. Allison*, No. C-81-19, 1981 WL 1667, at *1 (N.D. Cal. 1981) (holding that crossclaims are "expressly prohibited" by Section 21(g)); *see also SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) ("The purpose of Section 78u(g) is to ensure speedy resolution of SEC enforcement actions, and it has routinely been employed to dismiss third-party complaints and counterclaims because such additional claims protract litigation." (citations omitted)).

the Counterclaim. However, the Court interprets Petros's motion as also seeking summary judgment, as a defending party, against the SEC's claims. The SEC's Motion to Strike is DENIED as to this portion of Petros's Motion for Summary Judgment.

C. Petros's Motion for Summary Judgment

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law."[4]

Because no evidence has been presented, the Court must rely on the pleadings, which clearly show that there is a genuine dispute as to the material facts in this case. The SEC alleges that the Defendants filed false registration and offering statements, while Petros denies these allegations. Unless evidence is presented that shows that a reasonable jury could not return a verdict for the nonmoving party, summary judgment is inappropriate.[5]

Petros's Motion for Summary Judgment is therefore DENIED.

III.   CONCLUSION

For the reasons stated above, the SEC's Motion to Strike is GRANTED as to Petros's Counterclaim and Crossclaims and Petros's Motion for Summary Judgment on his Counterclaim, and Defendant Petros's Motion for Summary Judgment on the SEC's claims is DENIED.

**SO ORDERED.**

March 22, 2010.

*Barbara M. G. Lynn*
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE

---

[4] Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[5] *See Cantu v. Jackson Nat'l Life Ins. Co.*, 579 F.3d 434, 438 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).